IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOISEY LEVERN NEAL,
*AKA: BOISEY OSHI*

Petitioner,

v.

THE STATE OF MARYLAND,
MCTC CASE MANAGEMENT,

Respondents.

Civil Action No.: GJH-21-1025

(Related Case: PX-19-630)

**MEMORANDUM OPINION**

On April 27, 2021, the Court received the above-entitled Petition for Writ of Habeas Corpus seeking Petitioner Boisey Neal's immediate release from incarceration. Petitioner also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which the Court now grants. For the reasons discussed below, the petition must be dismissed.

This case concerns Petitioner's assertion that he has served the sentences imposed by the Circuit Courts for Anne Arundel County and Baltimore City because the Anne Arundel County Circuit Court did not give Petitioner the benefit of time he spent incarcerated prior to imposition of a fifteen-year sentence by that court. ECF No. 1 at 4. Rather, the fifteen-year term was given a "start date" of June 14, 2007, but according to Petitioner it should have started to run as of October 18, 2006. *Id.* Petitioner filed a motion to correct illegal sentence in Baltimore City, which was granted, and the ten-year term imposed by that court was corrected to read that it was consecutive to the fifteen-year sentence imposed by the Anne Arundel County court and was not

consecutive to a two-year term imposed by Baltimore County.[1] Thus, Petitioner's term of confinement was reduced by two years following the proceedings in Baltimore City.

Petitioner previously filed a civil rights action raising a claim that he had been "over incarcerated" on the sentences imposed. *See Neal v. St. of Md., et al.*, Civil Action PX-19-630 (D. Md.) (hereinafter "*Neal I*"). That complaint was dismissed on summary judgment based in pertinent part on the following facts and reasoning:

> This Petition concerns Neal's state sentences for three separate criminal offenses. In Case No. 02-K-07-001393 (the Anne Arundel County Case), Neal received a total of fifteen years' imprisonment on March 28, 2008. ECF No. 14-4 at 2. In Case No. 03-K-95-001261 (the Baltimore County Case), Neal received a two years' imprisonment on October 6, 2008, to run consecutively to the sentence in the Anne Arundel County Case. *Id.* And in Case No. 207255049-51 (the Baltimore City Case), Neal received three concurrent ten-year prison terms and one concurrent five-year term on March 10, 2009. The Baltimore City Case commitment order originally stated that the sentence imposed was to run "consecutive with his present sentence." ECF No. 14-2 at 23. Neal challenged the manner in which the Baltimore City sentence has been computed by filing this case as well as a state habeas corpus petition.
>
> On October 10, 2019, the Court stayed this case so that Neal could pursue his state habeas petition. ECF No. 20. On December 20, 2019, the Baltimore City Circuit Court denied the state petition but issued a new commitment record clarifying that the ten-year prison term is to run consecutively to the 15-year sentence in the Anne Arundel County Case but concurrently with the two-year prison term in the Baltimore County Case. ECF No. 27-1 at 3, 18. Mr. Neal has not appealed the denial of his state habeas petition. He has also withdrawn the state petition and a separate post-conviction petition. *Id.* at 18-19.
>
> Prior to the Baltimore City Circuit Court issuing the revised judgment, the Maryland Division of Correction ("DOC") had computed the Baltimore City sentence as running consecutively to both the Anne Arundel County 15-year term and the Baltimore County two-year term, resulting in a total confinement term of 27 years. ECF No. 14-4 at 3. However, after the Baltimore City Circuit Court issued the revised judgment, the State reviewed the sentencing transcript and conceded that the Baltimore City sentence should run consecutively only as to the Anne Arundel County 15-year term, and not as to the Baltimore County two-year term. ECF No. 14-3 at 11. DOC revised Neal's sentence computation

---

[1] Petitioner additionally claims that his Classification Case Manager improperly reduced his security level and had him transferred to a pre-release unit. ECF 1 at 5. Finding no basis for a constitutional claim regarding Petitioner's transfer, the Court does not address the claim here.

so that he is now serving a total confinement term of 25 years with a mandatory release date of February 27, 2026 (if he receives 2297 days of diminution of confinement credits). ECF No. 39-2 at 1-2. On March 16, 2020, this Court lifted the stay based on the parties' advisement that the state litigation had terminated.

\*\*\*

In this case, Neal contends that because the sentence in the Baltimore City Case was "ambiguously imposed," the "rule of lenity" requires Defendants to compute the ten-year term as fully concurrent with the sentences in the Anne Arundel and Baltimore County Cases. ECF No. 1. As relief, Neal seeks damages "for each day that he has been held past his mandatory release date." ECF No. 1 at 4.

Neal has also since filed a "Motion for Judgment against Defendants" in which he maintains that the Baltimore City Circuit Court "started the 10 year sentence as October 2006." ECF No. 26-1 at 10. Neal concludes that he should be released from incarceration, in part because he has already served "day for day" in the Anne Arundel County Case. *Id*. at 1. Neal's recollection is wholly belied by the official commitment records. ECF No. 39-2 at 5-6.

Relatedly, Neal argues in his Motion for Immediate Release that the double jeopardy clause of the Fourteenth Amendment requires that he receive credit for the "punishment he has endured" prior to imposition of a new sentence, and if such credit were awarded, he is entitled to immediate release. ECF No. 38 at 2. Neal does not dispute that the prison term in the Baltimore City Case was imposed consecutively to the sentence in the Anne Arundel County Case. Rather, he persists that because the original commitment record was ambiguous, the Baltimore City ten-year prison term must be construed as a concurrent, rather than consecutive, sentence.

\*\*\*

Neal's challenge, however, most closely sounds as one lodged against the validity of his current incarceration. As such, it is properly construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016)("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence.") (internal quotation marks and citations omitted). *See also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

A petitioner may bring a petition pursuant to § 2254 "on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." However, before a federal court may hear the petition, the petitioner must first exhaust his state avenues of relief by seeking review of the claim in the highest state court with jurisdiction to consider it. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*,

> 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal). Neal failed to appeal the Baltimore City Circuit Court's habeas determination. Thus, any challenge stemming from that determination cannot be adjudicated here.
>
> Alternatively, even if Neal could proceed with a habeas challenge, it would fail on the merits because the Baltimore City Circuit court decision does not run contrary to federal law. Whether ten-year sentence in the Baltimore City Case should run concurrently or consecutively to the sentence in the Anne Arundel Case concerns solely the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions."). *See also Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976) (modification by state appellate court of erroneously imposed sentence is matter of state law). Construed as a § 2254 Petition, Neal's claims simply cannot proceed.

*Neal I* at ECF No. 45 at 1-3; 5-7.

What appears to be the crux of Petitioner's complaint in this case is the start date of the Anne Arundel County sentence which he does not appear to have presented to that court for its consideration.[2] As such, the claim is unexhausted and may not proceed in an action for federal habeas relief. To the extent that Petitioner is attempting to re-assert his argument that his ten-year Baltimore City sentence is concurrent and not consecutive, the matter has already been litigated in this Court and petitioner was unsuccessful. His attempt to re-litigate the matter is barred by principles of *res judicata*. Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986).

---

[2] Petitioner's reliance on the proceedings in Baltimore City to support his claim that his term of confinement should begin earlier than what is reflected on his commitment record from Anne Arundel County does not support his conclusion that his term of confinement has expired.

Because it appears that Petitioner has not exhausted his claim regarding the start date of his Anne Arundel County sentence, the petition will be dismissed without prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order dismissing the petition without prejudice follows.

7/22/2021
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE